DECISION.
Following a bench trial, defendant-appellant, Michael L. Henderson, was convicted of felonious assault pursuant to R.C.2903.11(A)(2), with a specification, pursuant to R.C. 2941.146 and former R.C. 2929.19(D)(1)(a)(ii), that he had committed the offense by discharging a firearm from a motor vehicle. At trial, both Donald Cordell and Tyrinn Bolt testified that they were "hanging out" with some friends in front of 1939 Avonlea Street, the home of Assim Moore, when they noticed a large gray older-model car driving slowly up the street. The driver, whom they recognized as Henderson, motioned for a passenger to lean back and then reached his arm across the passenger. Without saying anything, he fired a handgun twice at Cordell, but did not hit him. He then drove off and was not arrested until several months later. Police did not find the firearm or any other physical evidence of the crime to corroborate Cordell and Bolt's testimony. In fact, the trial court specifically stated that it did not find Cordell's testimony to be credible, and it found Henderson guilty based solely on Bolt's testimony.
Subsequently, Henderson filed a motion for a new trial based upon newly discovered evidence. In the motion, Henderson's counsel claimed that he had discovered, in police files about some related shootings, photographs of Cordell and Bolt and several other individuals making gang symbols and holding firearms. He included an affidavit stating that one photograph showed Bolt dressed in gang attire and holding a semi-automatic weapon. He argued that these pictures were significant because both Cordell and Bolt had denied being in a gang, knowing how to use a firearm, or having any prior adverse contacts with Henderson. Henderson's counsel also discovered a taped statement that Brandon Rice, the other occupant of the car, had given to police. In that statement, Rice admitted to being the driver of the car on the night in question, although he denied shooting the gun.
At a hearing on the motion, Henderson's witness, a police officer involved in the various cases against Henderson and Rice, testified that Moore's house was shown in some of the photographs and that police believed Moore to be involved in gang activity. However, the officer could only identify Cordell as one of the individuals in the photographs, due to the their poor quality. He did not identify Bolt. The trial court refused to accept as evidence Henderson's attorney's affidavit identifying Bolt as the individual holding the semiautomatic weapon in one of the photographs. After the hearing, the trial court overruled Henderson's motion for a new trial.
In this timely appeal, which we have sua sponte
removed from the accelerated calendar, Henderson presents two assignments of error for review. In his first assignment of error, he states that the trial court erred in overruling his motion for a new trial. He contends that the state's failure to disclose exculpatory evidence prior to trial deprived him of his right to due process. We find this assignment of error to be well taken.
In Brady v. Maryland (1963), 373 U.S. 83, 87,83 S.Ct. 1194, 1196-1197, the United States Supreme Court held that the prosecution's suppression of evidence favorable to the accused violates due process where the evidence is material to guilt or punishment, regardless of the prosecution's good or bad faith.State v. Johnston (1988), 39 Ohio St.3d 48, 529 N.E.2d 898, paragraph four of the syllabus. In this case, though the prosecutor was not aware of the undisclosed evidence, it was still subject to the Brady rule since it was in the hands of the police. Kyles v. Whitley (1995), 514 U.S. 419, 437-438,115 S.Ct. 1555, 1567-1568.
The question presented to the trial court was whether the evidence was material. Evidence is material if there is a reasonable probability that, had the state disclosed the evidence to the defense, the result of the proceeding would have been different. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. United States v. Bagley
(1985), 473 U.S. 667, 682, 105 S.Ct. 3375, 3383; Johnston, supra,
at paragraph five of the syllabus.
In Kyles, supra, the United States Supreme Court focused on four aspects of materiality for purposes of a Brady
claim. First, a showing of materiality does not require the defendant to demonstrate that disclosure of the evidence would have resulted in the defendant's acquittal, but rather that, absent the exculpatory evidence, the defendant did not receive a fair trial. Second, materiality is not a sufficiency-of-the-evidence test. A defendant need not prove that, with the inculpatory evidence discounted in light of the exculpatory evidence, there would not have been enough evidence to convict. Instead, the defendant must show that the favorable evidence puts the whole case in a different light so as to undermine confidence in the outcome. Third, once a reviewing court has found a due-process error in the prosecution's failure to disclose material evidence favorable to the accused, no need exists for further harmless-error review. Fourth, materiality is defined in terms of "suppressed evidence considered collectively, not item by item." Id. at 434-437, 115 S.Ct. at 1165-1567; Statev. Resh (1997), 124 Ohio App.3d 694, 702-703, 707 N.E.2d 531,536-537; State v. Sullivan (Dec. 23, 1999), Cuyahoga App. Nos. 74735 and 74736, unreported.
The Brady rule applies equally to impeachment evidence, which, if disclosed by the state and used properly by the defense, may make the difference between conviction and acquittal. Bagley, supra, at 676,105 S.Ct. at 3380; State v. Aldridge (1997), 120 Ohio App.3d 122,137, 697 N.E.2d 228, 237. "The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend." Bagley, supra, at 676, 105 S.Ct. at 675, quotingNapue v. Illinois (1959), 360 U.S. 264, 269, 79 S.Ct. 1173, 1177.
Due to the complete lack of physical evidence, the state's case consisted entirely of the testimony of two witnesses, Cordell and Bolt, even though several other individuals were present at the time of the alleged shooting. Thus, the state's entire case turned upon those witnesses' credibility. Any undisclosed evidence that cast doubt upon their credibility could have had a substantial impact on the outcome of the trial. Further, the trial court found Cordell's testimony to be incredible and based the conviction solely on Bolt's testimony. Thus, any undisclosed evidence that reflected upon his credibility was particularly significant.
We find the undisclosed statement of Brandon Rice to be of particular concern. The trial court concluded that the statement was not material, even though Rice admitted to being the driver of the car, because he maintained that Henderson actually shot the gun. However, both of the state's witnesses unequivocally testified that Henderson was the driver as well as the shooter. Thus, Rice's statement could have cast significant doubt on their credibility.
Though we find the photographs to be less significant, we must consider them collectively with Rice's statement. Certainly, they would have had more impact had Henderson been able to produce a witness who identified Bolt as the individual holding a semi-automatic weapon. Nevertheless, the state's failure to disclose the photographs prevented Henderson from pursuing a defense that Cordell and Bolt had fabricated or exaggerated the incident to dispose of a rival gang member.
We hold that Rice's statement, considered collectively with the photographs, cast enough doubt on the witnesses' credibility so as to undermine confidence in the outcome of the trial. Consequently, the evidence was material within the meaning ofBrady, and the state violated Henderson's due-process rights by failing to disclose it. See Bagley, supra, at 683-684,105 S.Ct. at 3384-3385; Resh, supra, at 704-706, 707 N.E.2d at 537-538. Accordingly, we sustain his first assignment of error.
In his second assignment of error, Henderson contends that the state failed to present sufficient evidence to prove the firearm specification. After reviewing the record, we hold that the circumstantial evidence presented by the state, when viewed in a light most favorable to the prosecution, could convince a rational trier of fact that Henderson discharged a firearm from a motor vehicle while committing the offense of felonious assault, pursuant to R.C. 2941.146. Consequently, the evidence was sufficient to support the firearm specification, and we overrule Henderson's second assignment of error. See State v. Thompkins
(1997), 78 Ohio St.3d 380, 678 N.E.2d 541, paragraph one of the syllabus; State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus; State v. Marshall (Aug. 14, 1998), Lucas App. No. L-97-1199, unreported.
For the reasons given in our ruling on the first assignment of error, we reverse the judgment of the trial court and remand the case for a new trial.
Judgment reversed and cause remanded.
 Hildebrandt, P.J., Doan and Painter, JJ.
 Please Note: The court has placed of record its own entry in this case on the date of the release of this Decision.